UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 22-cv-23177

MACK NASCIMIENTO,
    Plaintiff,

vs.

LABALLE CONCRETE CORP, and
PABLO FERNANDEZ,
    Defendants.
_____/

## **COMPLAINT FOR FLSA WAGE VIOLATIONS AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, MACK NACIMIENTO, by and through undersigned counsel, sues the Defendants, LABELLE CONCRETE CORP, and PABLO FERNANDEZ, based on the following good cause:

### **PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, MACK NACIMIENTO is over the age of 18 years old and is a sui juris resident of Miami-Dade County, Florida, at all times material hereto.

2. Defendant, LABALLE CONCRETE CORP. (hereinafter "LABALLE"), is a sui juris Florida for-profit corporation with its principal place of business and registered agent in, Florida.

3. Defendant, PABLO FERNANDEZ (hereinafter "FERNANDEZ"), was and is the owner and operator of the corporate Defendant for the relevant time period. Defendant runs the day-to-day operations of the corporate Defendant and was responsible for paying Plaintiff's wages at all times material.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transacts business in this District, because Plaintiff worked as a truck driver delivering a concrete cutter to several locations in the State of Florida and is due overtime payment for wages earned for work performed in the State of Florida.

6. This is an action to recover monetary damages, liquidated damages, interest, costs and attorney's fees for willful violations of overtime and minimum wage pay under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("the FLSA").

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq.

8. Plaintiff brings this action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, et seq., (hereinafter "Act" or "FLSA") to recover overtime, and an additional equal amount as liquidated damages, reasonable attorney's fees and costs.

9. LABELLE was, during all times mentioned, an enterprise engaged in commerce as defined in Section 3(r) of the Act, 29 U.S.C. §203(r) and 203(s).

10. Upon information and belief, the annual gross revenue of Defendant was at all times material hereto and is expected to be for the current year in excess of $500,000 per annum.

## FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants from May 16, 2022 through June 3, 2022.

12. Plaintiff is an "employee" within the meaning of 29 U.S.C. §203(e).

13. Plaintiff is not an exempt employee.

14. Plaintiff did not possess any supervisory authority, did not possess an advanced degree and did not oversee any employees.

15. Defendant controlled Plaintiff's work hours, work location, and duties to be performed.

16. Defendants have at all times material hereto engaged in interstate commerce as they used Federal Interstates and roadways to move their concrete cutting truck through the State of Florida

17. LABALLE engages in interstate commerce by virtue of the fact that its business affects interstate commerce because the truck they used on a constant basis moved through the instrumentality/channels of interstate commerce. Plaintiff also used, handled and worked with materials and goods that moved in interstate commerce which include but may not be limited to; vehicles, uniforms, firearms, badges, telephone, etc.

18. Further, LABALLE regularly employed two (2) or more employees for the relevant time period, who handled the same or similar goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce and as such, Defendant is an enterprise covered by the FLSA.

19. In addition, Defendants' annual gross revenues are believed to be in excess of $500,000.00 for the relevant time period.

20. Defendants hired Plaintiff as an hourly truck driver.

21. Defendants paid Plaintiff $20.00 per hour.

22. Plaintiff's work for Defendants did not require an advanced degree.

23. During all time periods material hereto, Defendants supervised Plaintiff's work and ordered Plaintiff where and when to work and how to perform his job. Defendants also created Plaintiff's schedule and required her to wear a uniform.

## COUNT I
## FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207

24. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 23 as though set forth fully herein.

25. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

26. During all time periods material hereto, Plaintiff was a non-exempt, hourly employee.

27. Plaintiff works an average of 70 hours per week.

28. Plaintiff performed work for Defendants during his employment for which he should have received time-and-one-half his regular hourly rate for all hours worked in excess of forty (40) in one or more work weeks.

29. Defendants refused to pay Plaintiff one-and-one-half times his regular hourly rate for all hours of work performed over forty (40).

30. Plaintiff therefore claims the applicable federal overtime wage rate for each hour worked in excess of forty (40) per week during her employment for which she was not properly compensated.

31. Defendants willfully and intentionally refused to pay Plaintiff the applicable federal overtime wages as required by the FLSA, as Defendant knew or should have known of the FLSA's overtime wage requirements.

32. Defendants' willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

33. As a result of the violations alleged herein, Plaintiff was required to retain the undersigned counsel and is therefore entitled to recover reasonable attorney's fees and costs.

WHEREFORE, Plaintiff, MACK NACIMIENTO, respectfully requests that this Honorable Court enter judgment in his favor and against Defendants, and award Plaintiff: (a) unliquidated damages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs; and any and all further relief as this Court deems equitable under the circumstances.

## COUNT II
## VIOLATION OF THE FLORIDA MINIMUM WAGE ACT

34. The allegations contained in paragraphs 1 - 23, above, are repeated as if full rewritten herein.

35. Defendants failed to pay all of Plaintiff's wages for the week commencing on May 30, 2022 and ending June 3, 2022, when it failed to pay the Plaintiff all the wages earned.

36. Under the FLORIDA MINIMUM WAGE ACT (hereinafter "FMWA"), if the employer failed to pay wages on the regular payment date, it is the equivalent of having failed altogether to pay. Thus, Plaintiff is entitled to be paid for all hours worked at the agreed upon hourly rate.

37. Plaintiff endured considerable hardships without his earned pay checks and was required to wait to receive his wages long after said wages were due to be paid.

38. Defendants knew or showed a reckless disregard for the provisions of the FMWA concerning the payment of wages and remains owing the named Plaintiff for every hour of he worked and liquidated damages accrued as of the time the wages first became due.

39. Defendants' failure to pay Plaintiff, wages in a timely manner is in violation of the FMWA. All these violations are intentional, willful and in reckless disregard, within the meaning of the Act, and Plaintiff is further entitled to liquidated damages in an amount equal to the amount of unpaid wages due Plaintiff.

40. By all of Defendants' actions shown above, the Defendants have violated the Act by its willful and intentional conduct, and, accordingly, the controlling time period governing this action should be thee three (3) years preceding the date this action was initiated.

41. By reason of Defendants' refusal to pay Plaintiff his wages, it has been necessary for Plaintiff to hire labor and employment attorneys to prosecute this action and Plaintiff is entitled to tax a reasonable charge as attorneys' fees and costs against Defendants.

WHEREFORE, Plaintiff requests double damages and reasonable attorney's fees and costs pursuant to the FMWA as cited above to be proven at the time of trial for all unpaid wages and untimely paid wages owing including liquidated damages accrued for the entire applicable employment period with Defendants or as much as is allowed by FMWA, whichever is greater, plus prejudgment interest and any and all other relief which this Court may deem reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

**Angulo Diaz Law Group, P.A.**
780 NW 42 Avenue
Ste 426
Miami, Florida 33126
(305) 468-9564 - Telephone
Email: service@angulodiazlaw.com

By:  /s/Yelina Angulo
Yelina Angulo, Esq.
Florida Bar No.: 111339